```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

SOUTH LOUISIANA ETHANOL, LLC         CIVIL ACTION

VERSUS                               NO: 11-3059

AGRICO SALES, INC.                   SECTION: "A" (4)

                                     BANKRUPTCY CASE NO.:
                                     09-12676
                                     ADVERSARY PROCEEDING NO.:
                                     11-1084

## ORDER AND REASONS

Before the Court is a **Motion to Withdraw Reference (Rec. Doc. 1)** filed by defendant Agrico Sales, Inc. South Louisiana Ethanol, LLC and Whitney Bank oppose the motion. The motion, set for hearing on January 4, 2012, is before the Court on the briefs without oral argument.

This motion involves an adversary proceeding filed in the captioned bankruptcy case of South Louisiana Ethanol, LLC ("SLE"). The adversary proceeding was automatically referred to the bankruptcy court pursuant to Local Rule 83.4.1. This motion is one of several pertaining to the SLE bankruptcy in which a party moves this Court to withdraw the automatic reference based upon the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011). This Court is persuaded that Stern does not draw the validity of the reference into question under the facts

of this case so as mandate withdrawal of the reference. Moreover, the pre-Stern standards that govern permissive withdrawal of a reference continue to be valid, and because the movant has not established that withdrawal is appropriate under those standards, the motion is DENIED.

**I.   Background**

SLE commenced its Chapter 11 bankruptcy case no. 09-12676 on August 25, 2009.  SLE's liquidating plan of reorganization was confirmed on April 19, 2011.  On August 11, 2011, SLE as the reorganized debtor filed adversary proceeding no. 11-1084, Complaint for Breach of Contract of Deposit, Negligence, Conversion and Dissolution of Contract, in the bankruptcy case. Agrico Sales, Inc., movant herein, is the only defendant named in the adversary complaint.[1]  The complaint is based solely on state law.

Agrico filed a Motion to Withdraw Reference in which it states that it opts to have the adversary proceeding transferred to district court so that the district court can take up Agrico's pending motion to dismiss.  Via its reply memorandum[2] Agrico

---

[1] SLE filed a similar petition against Agrico in state court.  It is this Court's understanding that the lawsuit remains pending in Orleans Parish at this time.

[2] Agrico did not file a memorandum in support of its Motion to Withdraw Reference because it filed the motion ex parte at the suggestion of the bankruptcy staff.  Filing the motion ex parte was not problematic because the district court will typically schedule the motion for hearing once it is docketed by the

suggests that federal jurisdiction is lacking in this case and that the bankruptcy court cannot adjudicate this matter in light of <u>Stern v. Marshall</u>.

**II. Discussion**

The district courts of the United States have original, non-exclusive jurisdiction of all proceedings related to cases under Title 11. 28 U.S.C.A. § 1334(b) (West 2006). A civil proceeding is related to a Title 11 case if the action's outcome could conceivably have any effect on the estate being administered in bankruptcy. <u>In re Wood</u>, 825 F.2d 90, 93 (5th Cir. 1987) (<u>quoting</u> <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir. 1984)). This grant of jurisdiction was intended to be broad in scope so as give federal courts the power to adjudicate all matters having an effect on the bankruptcy. <u>Id.</u> at 92.

Once jurisdiction under § 1334 is established, the next question is the placement of that jurisdiction, whether with the bankruptcy court or with the district court. Each district court may provide that any or all cases under Title 11 or any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are to be referred to the bankruptcy court of

---

district court clerk. But filing a motion ex parte does not excuse the requirement that the motion be accompanied by a memorandum in support. The Court will treat Agrico's reply memorandum as a memorandum in support.

the district.[3]  28 U.S.C.A. § 157(a) (West 2006).  Pursuant to § 157(b)(1), bankruptcy judges may hear and determine (and enter appropriate orders and judgments) on referral all cases under Title 11 and core proceedings arising under Title 11 or arising in a case under Title 11.  With respect to non-core proceedings that are merely related to a case under Title 11, the bankruptcy judge can hear the matter but cannot enter final orders or judgments.  Id. § 157(c)(1).  Instead, the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court for consideration and a timely objection to the proposed findings will trigger de novo review.  Id.  The district court then enters a final order or judgment.  Id.

After a case is referred to the bankruptcy court, the district court may withdraw, in whole or in part, any case or proceeding referred under 28 U.S.C. § 157(b), for cause shown. Id. § 157(d).  Mandatory withdrawal applies if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.  Id.  District courts typically consider several factors when deciding whether cause exists to withdraw

---

[3] Via Eastern District Local Rule 83.4.1 all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of the district.

the automatic reference: Whether the proceeding involves core bankruptcy matters, the interest of judicial economy, promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering economical use of the debtor's and creditors' resources, expediting the bankruptcy process, and whether there has been a jury demand. In re Lapeyre, No. 99-1312, 1999 WL 486888, at *2 (E.D. La. July 8, 1999); Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 998-99 (5th Cir. 1985)).

Turning now to the instant case, in its adversary complaint SLE is seeking to recover equipment and cash that would have been property of the estate under administration. SLE's liquidating plan of reorganization was confirmed on April 19, 2011. SLE did not file its adversary complaint until August 11, 2011. It is not clear to this Court whether "related to" jurisdiction continued to exist when the adversary complaint was filed notwithstanding that the claim might have arisen pre-petition. No party has raised this issue with the Court. *This Court assumes without deciding that it has original subject matter jurisdiction over the state law claims raised in the adversary complaint pursuant to 28 U.S.C. 1334(b).*[4]

---

[4] Agrico has never challenged SLE's (and intervenor Whitney's) assertion that "related to" jurisdiction exists instead choosing to rely on the Stern case. In fact, in the motion to dismiss that Agrico filed with the bankruptcy court it specifically states that this case is related to a case under

5

Assuming that jurisdiction under § 1334(b) does in fact exist, the suggestion that the bankruptcy court lacks jurisdiction over the adversary complaint is simply incorrect. It is true that the bankruptcy court lacks jurisdiction to enter a final judgment over the adversary complaint because it is a non-core matter. But this situation is precisely what § 157(c)(1) was created to address in the wake of the <u>Northern Pipeline Construction Co. v. Marathon Pipeline Co.</u>, 458 U.S. 50 (1982), decision. After <u>Northern Pipeline</u> Congress and the federal courts understood that bankruptcy courts could not exercise Article III power over non-core matters. Thus, Congress crafted § 157(c)(1) to specifically allow district courts to refer non-core matters to a bankruptcy judge subject to the

---

Title 11. (Memo in Support at 3). Of course subject matter jurisdiction cannot be conferred by default, consent, waiver, or error. As explained later in this Order and Reasons, this Court is inclined to refer any case whose jurisdictional basis relies solely on bankruptcy jurisdiction to the bankruptcy court, giving great deference to the bankruptcy judge's determination as to the question of abstention. But if bankruptcy jurisdiction itself no longer exists under § 1334(b) post-confirmation, then dismissal without prejudice is appropriate. If <u>Stern</u> concerns prevent the bankruptcy judge from dismissing this case without prejudice then this Court, believing that the bankruptcy judge is best suited to determine in the first instance whether a federal court has jurisdiction over this matter, would give great deference to any proposed findings and conclusions pursuant to 28 U.S.C. § 157(c)(1) recommending dismissal for lack of subject matter jurisdiction notwithstanding de novo review. But again, no party has even alluded to this issue.
   The Court notes that SLE also pled diversity jurisdiction but it now appears that the parties are not of diverse citizenship. Thus, "related to" jurisdiction under § 1334(b) is the sole basis for subject matter jurisdiction in federal court.

restriction that the district judge retains sole power to finally adjudicate the matter. Thus, the <u>Stern</u> decision was hardly necessary to point out the distinction between what a bankruptcy judge could do with a core proceeding versus a non-core proceeding. <u>Northern Pipeline</u> pointed out that distinction and Congress drafted § 157 in recognition of that distinction.

The lesson that <u>Stern</u> teaches is that the terms "core" and "non-core" are not just mere labels that Congress can use to transfer full adjudicative power over a matter to a bankruptcy judge. At issue in <u>Stern</u> was Congress's characterization of "counterclaims by the estate against persons filing claims against the estate" as a core matter in § 157(b)(2)(C). The specific counterclaim at issue in <u>Stern</u> was a state law claim wholly independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in the bankruptcy. <u>Stern</u>, 131 S. Ct. at 2611. Therefore, in order to finally adjudicate that claim a bankruptcy judge would have to engage in the verboten task of exercising the Article III power of the courts of the United States. But the Constitution does not allow Congress to delegate the Article III power of a district court to a bankruptcy judge. And <u>Stern</u> demonstrates that Congress cannot circumvent the Constitution by statutorily characterizing a matter as "core."

The Court is persuaded that <u>Stern</u> changes nothing for the

instant case and has no direct impact on whether the automatic reference should be withdrawn. In contrast to what happened in Stern, SLE's adversary complaint does not fall into one of the categories that Congress attempted to deem as core under § 157(b)(2). The adversary complaint raises issues of state law and the claims exist wholly outside of Title 11. Under the pre-Stern jurisprudence SLE's adversary complaint was clearly a non-core matter as contemplated by § 157(c)(1). Stern changed nothing about § 157(c)(1) except perhaps to clarify that some matters that Congress had statutorily deemed to be core would now have to be treated as non-core and therefore referred under § 157(c)(1) instead of § 157(b)(1).[5]

That said, the Court turns its attention to whether Agrico has established cause for permissive withdrawal of the reference.[6] For the reasons already explained, the recent Stern decision does not constitute cause. Moreover, even though the bankruptcy court cannot enter a final judgment, that fact alone is not cause because § 157(c)(1) specifically contemplates referral of a non-core matter to a bankruptcy judge who cannot enter a final order. To the Court's knowledge no party has

---

[5] Indeed, the majority in Stern was clear that the issue presented in the case was a narrow one, that the decision "does not change all that much," and that Congress violated Article III in one isolated respect. Stern, 131 S. Ct. at 2620.

[6] Mandatory withdrawal does not apply because the adversary complaint is based solely on state law.

requested a jury trial on the claims against Agrico.  Should trial by jury become an issue then the reference can be withdrawn once the case is ready for trial.  The bankruptcy court is intimately familiar with SLE's bankruptcy.  The Court is not inclined to believe that the bankruptcy process would be expedited by moving SLE's case to this Court's trial docket at this time.

Moreover, the Court notes that the sole jurisdictional basis applicable to this case is § 1334(b).  This Court is persuaded that § 1334(b) should be used for the purpose for which it was created--to effectuate the smooth administration of bankruptcies by giving federal courts the power to entertain all matters having an effect on the bankruptcy, and not to serve as an alternative to diversity jurisdiction.  In fact, § 1334 contains statutorily authorized, and sometimes mandated, abstention provisions that serve to balance out § 1334(b)'s extremely broad jurisdictional grant.  Therefore, when a case is in federal court solely because it is related to a bankruptcy then it should be referred to the bankruptcy judge presiding over the bankruptcy at issue.  If the case is of such a nature such that a federal forum is not necessary so as to effectuate the bankruptcy then the appropriate course of action may very well be abstention under § 1334(c) but it is not withdrawal of the reference to place the matter before a district judge who has no familiarity with the

bankruptcy case.  And this Court is persuaded that the bankruptcy judge, who is intimately familiar with the bankruptcy case itself, is uniquely well-suited to determine whether a case should be "close at hand" in federal court for the purpose of protecting the bankruptcy process or whether abstention is appropriate.[7]  Of course the foregoing discussion presupposes that a federal court would have subject matter jurisdiction over the complaint under § 1334(b).  See note 4, supra.

In sum, the Court finds that mover has not demonstrated cause for withdrawal of the reference.

Accordingly;

**IT IS ORDERED** that the **Motion to Withdraw Reference (Rec. Doc. 1)** filed by defendant Agrico Sales, Inc. is **DENIED**.

January 19, 2012

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[7] If the bankruptcy judge concludes that abstention is appropriate in this case, then the aggrieved party can appeal to this Court, which would then make the final decision thereby avoiding any Stern issues.  But this Court would be inclined to give great deference to the bankruptcy judge's decision with respect to abstention.  Thus, the Court would not be inclined to overturn such a decision even if it were to consider the question de novo.